IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CR. NO. 1:CR-00-247 |
| | ) (Judge Caldwell) |
| v. | ) (Electronically filed) |
| | ) |
| **GERALD JIVENS** | ) |

## GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3582(c)

AND NOW comes the United States of America, by its undersigned counsel and submits the following Response to the Defendant's Motion for Relief pursuant to Title 18 United States Code, Section 3582(c), setting forth the following material factors in support thereof:

1. The defendant was previously convicted and sentenced for offenses involving the distribution of cocaine base, also known as crack cocaine.

2. The defendant was originally sentenced to a term of 120 months' imprisonment, a sentence which represented the combined statutory maximum sentences that could be imposed. The guidelines imprisonment range which the Court found to be applicable in this case was 121-151 months' imprisonment. That guidelines imprisonment range was based upon the Court's finding that the defendant's offense level was 29 and the defendant's criminal history category was IV.

3. Following imposition of this sentence, in December 2007, the United States Sentencing Commission enacted an amendment to

the sentencing guidelines, Amendment 706, which reduced the guidelines offense level for drug distribution and conspiracy offenses involving cocaine base by two offense levels and further provided that this amendment applied retroactively to defendants who were sentenced before the effective date of this amended guideline.

    4. The defendant has now moved pursuant to Title 18, United States Code, Section 3582(c), for relief in accordance with this amended guidelines provision.

    5. Upon review of the defendant's motion and the underlying facts of this case, the United States agrees that the defendant is entitled to request some relief pursuant to Title 18, United States Code, Section 3582(c) since:

        A. The defendant was convicted and sentenced for drug trafficking involving cocaine base;

        B. The defendant's guidelines imprisonment range and sentence were determined based upon the quantity of drugs involved in this offense; and

        C. The defendant is not a Career Offender.  The sentence imposed in this case was a result of a charge bargain but for which the defendant would have been a career offender with a guideline imprisonment range of 262-327 months.  This information comes from the Pre-Sentence Investigation Report and is not detailed in the defendant's Motion for emergency relief.

6. Pursuant to Title 18, United States Code, Section 3582(c) and Guidelines Amendment 706:

    A. The revised offense level for this defendant appears to be 27,

    B. The defendant's criminal history category remains IV.

    C. The revised guidelines imprisonment range is100-125 months' imprisonment.

However, as stated before, but for the charge bargain the defendant's sentence would have been 262-327 months because he would have bene classified as a career offender based upon his third felony drug conviction.  The plea agreement to two Travel Act charges constituted non-drug offense convictions lading to the defendant being considered a category IV offender and an up-front sentence benefit of over 11 years.  An additional reduction is inconsistent with the Sentencing Guidelines and not warranted after consideration of the Section 3553(a) factors.

7. As an aid to the Court, the United States requests that the United States Probation Office prepare a brief addendum to the pre-sentence report, confirming the re-calculated guidelines imprisonment range in this case and describing any public safety factors in this case, as well as the defendant's institutional history. The United States submits that with this addendum to the pre-sentence report, the Court can decide the defendant's motion

without the necessity of a hearing or the defendant's presence in Court.

8. If, upon favorable consideration of the public safety factors and the defendant's institutional history set forth in the addendum to the pre-sentence report, this Court disagrees with the United States and concludes that a sentencing reduction is appropriate pursuant to the standards of U.S.S.G. § 1B1.10, the United States requests that this Court re-sentence the defendant to a sentence that is commensurate with the sentence originally imposed on the defendant for the guidelines range previously applicable in this case.

9. The defendant has a projected release date of February 21, 2009. If this revised sentence results in the imposition of a term of imprisonment that is satisfied by time-served, the United States requests that this Court direct that the defendant be released ten (10) days from the date of the entry of this re-sentencing order, in order to allow the Bureau of Prisons to complete release planning, conduct the violent sexual offender

assessment mandated by law, and obtain any DNA samples required by law.

>Respectfully submitted,
>
>MARTIN C. CARLSON
>ACTING UNITED STATES ATTORNEY
>
>/s/ WILLIAM A. BEHE
>
>_____
>WILLIAM A. BEHE
>Assistant U.S. Attorney
>228 Walnut Street
>P.O. Box 11754
>Harrisburg, PA 17108
>717/221-4482 (Office)
>717/221-2246 (Fax)
>WILLIAM.BEHE@USDOJ.GOV
>Bar No. PA-32284

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CR. NO. 1:CR-00-247 |
| | ) (Judge Caldwell) |
| v. | ) (Electronically filed) |
| | ) |
| **GERALD JIVENS** | ) |

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

    That this 5th day of March 2008, she served a copy of the attached

**GOVERNMENT'S RESPONSE TO MOTION FOR RELIEF PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3582(c)**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania and/or by electronic means by sending a copy to the e-mail addresses stated below:.

ADDRESSEE(S):
Lori J. Ulrich, Esquire
E-mail: Lori_ulrich@fd.org

                                               /s/ CYNTHIA A. ZIMMERMAN
                                               _____
                                               CYNTHIA A. ZIMMERMAN
                                               Legal Assistant